**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Reymundo SANCHEZ–HERNANDEZ, Defendant–Appellant.**

No. 06–50261.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George Hardy, Esq., Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fazio, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Reymundo Sanchez–Hernandez appeals from the 262–month sentence imposed upon remand following his jury-trial conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, conspiracy to import methamphetamine, in violation of 21 U.S.C. §§ 952 and 963, distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and

** This disposition is not appropriate for publication and is not precedent except as provid-

possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The government contends that, pursuant to *United States v. Combs,* 470 F.3d 1294 (9th Cir.2006), Sanchez–Hernandez is precluded from arguing that the district court imposed a vindictive sentence on remand. We conclude that *Combs* is not applicable because this case was not remanded pursuant to the limited remand procedure adopted in *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

Sanchez–Hernandez contends that vindictive sentencing may be presumed in this case because his sentence was increased on remand by more than six years based on the same facts that existed at the time of his initial sentencing. Because the district court's reasons for the sentence affirmatively appear in the record, no presumption of vindictiveness exists. *See United States v. Peyton,* 353 F.3d 1080, 1085–87 (9th Cir.2003).

**AFFIRMED.**